IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RONALD SPEARS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 23-CV-65-JFH-GLJ |
| | ) |
| **OKMULGEE COUNTY** | ) |
| **CRIMINAL JUSTICE TRUST** | ) |
| **AUTHORITY, and OKMULGEE** | ) |
| **COUNTY BOARD OF** | ) |
| **COMMISSIONERS,** | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants Okmulgee County Criminal Justice Trust Authority and Okmulgee County Board of Commissioners' Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support ("Motion to Dismiss"). *See* Docket No. 13. Plaintiff originally filed his action in Okmulgee County District Court, Oklahoma, and Defendants subsequently removed the action to this Court. *See* Docket No. 2-1. On April 25, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636. *See* Docket No. 14. For the reasons set forth below, the undersigned Magistrate Judge finds that Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support ("Motion to Dismiss") [Docket No. 13] should be DENIED and the defective service of process QUASHED.

1

## PROCEDURAL HISTORY

On July 7, 2022, Plaintiff filed his petition in Okmulgee County District Court, Oklahoma, asserting claims arising under the Americans with Disabilities Act of 1990, the Oklahoma Anti-Discrimination Act and wrongful discharge. *See* Docket No. 2-2. Plaintiff did not serve the petition on the Okmulgee County Criminal Justice Trust Authority ("OCCJA") until January 30, 2023 and the Okmulgee County Board of Commissioners ("Board") until February 2, 2023, both after the 180 days allowed for service under 12 O.S. § 2004(I). *See* Docket No. 13 at p. 4. After Defendants were served, they removed the action to this Court. *See* Docket No. 2-1 Plaintiff subsequently filed an Amended Complaint, adding claims arising under Title VII of 42 U.S.C. § 1983 and the Fourteenth Amendment of the U.S. Constitution. *See* Docket No. 11. On April 25, 2023, Defendants filed the Motion to Dismiss. *See* Docket No. 13.

## FACTUAL BACKGROUND

Plaintiff alleges he was employed with the OCCJA and the Board for thirteen years. *See* Docket No. 11 at ¶ 15. In 2016, Plaintiff was diagnosed with cancer. *Id*. at ¶ 17. Defendants were aware he was actively participating in cancer treatment after his diagnosis, including receiving three medical treatments per month that required time off from work and/or an alteration of his work schedule. *Id*. at ¶¶ 18-19. In particular, Plaintiff alleges that his cancer treatments caused him to experience pain, lethargy and nausea, but he was nonetheless able to perform his job functions with certain accommodations. *Id*. at ¶ 21. At some point when Sam McCoy was OCCJA Director, Plaintiff requested and received an unspecified accommodation for his cancer treatments. *Id*. at ¶¶ 24 & 43. After

Shannon Clark replaced McCoy as OCCJA Director, Clark instituted a blanket policy prohibiting employees from taking time off work to address health care issues or to work from home. *Id*. at ¶¶ 23-24. Despite being aware of Plaintiff's cancer treatment, Clark and Defendants refused to engage in a dialogue with Plaintiff regarding his medical treatment or any potential accommodation and did not allow the accommodation Plaintiff required. *Id*. at ¶ 25. Plaintiff was qualified for his positions at OCCJA and, prior to his termination, was consistently promoted and was never disciplined. *Id*. at ¶ 22. On some unspecified date, the OCCJA and Board retired to a closed session and, acting together in concert, decided to terminate Plaintiff without reason. *Id*. at ¶ 25. Plaintiff alleges his termination was based on his previous requested accommodation, which conflicted with Clark/OCCJA's newly instituted policy prohibiting such accommodation. *Id*.

## ANALYSIS

### I. MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE

Defendants first seek to dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(5) and 4(m) or alternatively, or perhaps in addition to, 12 O.S. § 2004(I), for failure to timely serve process. Although Defendants' Motion to Dismiss requires the Court to traverse a curious landscape of state and federal procedural rules, neither party sets forth which specific law the Court must follow in this instance nor how those differing laws interact with the others.

It is well-settled that, after removal, federal rather that state law governs the course of proceedings. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (citing *Granny Goose Foods, Inc. v. Teamsters Local 70*, 415 U.S. 423, 437 (1974)). Nonetheless,

"federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." *Id*. (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972)).

Under 12 O.S. § 2004(I), "[i]f service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff has not shown good cause why such service was not made within that period, the action **shall be deemed dismissed** as to that defendant without prejudice. . . ." (Emphasis added). Further complicating the matter, however, "[i]n all cases removed from any State court to any district court of the United States . . . in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. This provision may grant a plaintiff a new 90-day period from the date of the removal to perfect or obtain service. *Wallace*, 596 F.2d at 707 (defendant's removal gave plaintiff an additional 120 days [the period for service then allowed by Fed. R. Civ. P. 4(m)] in which to perfect service). Moreover, Rule 4(m) provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for services for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

A court lacks personal jurisdiction over a defendant if there is insufficient service of process. *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 376 (1937). Rule 4 governs

service of process and "provides the mechanism by which a court . . . asserts jurisdiction over the person of the party served." *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992). *See also Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444-45 (1946) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'"). "Effectuation of service is a precondition to suit," *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998), and Rule 12(b)(5) authorizes dismissal of a lawsuit for insufficient service of process.

Defendants assert and Plaintiff does not challenge that service of process was not obtained on Defendants within 180 days as required by 12 O.S. § 2004(I). Instead of challenging the untimely service under Oklahoma law in an Oklahoma state court, Defendants removed the case to this Court and now ask this Court to dismiss the Amended Complaint based on the failure to timely serve them as required by Oklahoma law. By removing the case, however, Defendants at least arguably granted Plaintiff 90 days from the removal date within which to cure the defective service under 28 U.S.C. § 1448. *Wallace*, 596 F.2d at 707; *see also Jackson v. Spirit Aerosystems, Inc.*, 2022 WL 43344, *2 (D. Kan Jan. 5, 2022) (§ 1448 "may grant a plaintiff a new 90-day period *from the date of the removal* to perfect or obtain service") (emphasis original). Plaintiff, however, either by intent or neglect, did nothing to cure the defective service of Defendants within the 90-

day period after removal. Instead, Plaintiff simply argues that he had "good cause" for not timely serving Defendants under Oklahoma's service rules.

The language of 12 O.S. § 2004(I), as amended in 2009, is clearly mandatory rather than permissive. 12 O.S. § 2004(I); *Colclazier & Assocs. v. Stephens*, 277 P.3d 1285, 1289 (Okla. Civ. App. 2012) (the current version uses the mandatory "shall be deemed dismissed" language). When service is untimely, the Oklahoma Court of Civil Appeals has held that an action "shall be deemed dismissed as of 181 days following [relevant filing date,] if it [is] determined on remand that [the plaintiff] did not have good cause for the delay in service." *Id*. Thus, Oklahoma courts lack discretion to grant permissive extensions of the service period in the absence of some showing of good cause. "The burden rests upon the 'plaintiff who resists dismissal to demonstrate good cause why service on the defendants was not made within the prescribed 180-day period.'" *Brown v. K-MAC Enterprises*, 897 F.Supp.2d 1098, 1108 (N.D. Okla. 2012) (quoting *Willis v. Sequoyah House, Inc.*, 194 P.3d 1285, 1290 (Okla. 2008)). Moreover, Plaintiff "must show good cause for the occasioned delay by more than a lawyer's conclusory reference in an argument to the court," and "[c]ounsel's unsworn representations do not rise to the level of proof of good cause contemplated by the terms of [§ 2004(I)]." *Willis*, 194 P.3d at 1290.

There is similarly a good cause component under Rule 4(m). The first inquiry under Rule 4(m) is whether Plaintiff has shown good cause for the failure to timely serve Defendants. If good cause is shown, Plaintiff is entitled to a mandatory extension of time. If Plaintiff fails to show good cause, then the district court must "consider whether a permissive extension of time may be warranted. At that point the district court may in its

discretion either dismiss the case without prejudice or extend the time for service." *Murphy v. City of Tulsa*, 556 F. App'x 664, 667 (10th Cir. 2014) (quoting *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).  The Tenth Circuit holds that "good cause" under Rule 4(m) is a "high bar" that does not encompass attorney misinterpretation of Rule 4 or an attorney's failure to monitor a hired process server.  *See Murphy*, 556 F. App'x at 668.  With respect to the Court's discretion to extend the time for service even in the absence of good cause, the Court should consider various factors, including that "[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action." *Espinoza*, 52 F.3d at 842 (citing Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Plaintiff puts forth divergent reasons for his failure to serve Defendants within 180 days in attempting to establish "good cause."  In his Amended Complaint, Plaintiff alleges that he and certain unnamed key witnesses to his case received "letters of inquiry requesting documents" from the U.S. Attorney's Office for the Eastern District of Oklahoma, which allegedly related at least in part to Plaintiff's employment with Defendants.  *See* Docket No. 11 at ¶ 12.  As a result of these letters of inquiry, addressing the U.S. Attorney's concerns became Plaintiff and his counsel's "priority" and those issues were addressed before serving Defendants in this lawsuit.  *Id*. at ¶¶ 13-14.  In Plaintiff's Response In Opposition to the Defendants' Motion to Dismiss and Brief in Support ("Response"), Plaintiff expands somewhat on the issue, stating that the inquiry was impending criminal litigation with some connection to this case and that unnamed key witnesses received subpoenas.  *See* Docket No. 19 at p. 3.  Plaintiff further asserts without explanation that he was fearful any potential FBI proceedings could impend his civil case.

*Id*.  Not only are these allegations and assertions vague, nether the allegations in the Amended Complaint nor the assertion of fear in the Response are supported by anything more than "a lawyer's conclusory reference" and "[c]ounsel's unsworn representations [that] do not rise to the level of proof of good cause contemplated by the terms of [§2004(I)]." *Willis*, 194 P.3d at 1290.  Similarly, these vague and unsupported allegations do not meet the "high bar" of Rule 4(m).  Plaintiff offers no evidence or proof upon which the undersigned Magistrate Judge can review or analyze as to how the inquiry by the U.S. Attorney's Office relates to or could impede this case, could cause the Plaintiff to fear serving process on Defendants, or in any way establish good cause for his failure to timely serve Defendants under 12 O.S. § 2004(I) or for good cause to entitle him to a mandatory extension under Rule 4(m).  The Amended Complaint plainly alleges that Plaintiff and/or his counsel elected to prioritize responding to the U.S. Attorney's inquiry over serving Defendants in this case and he did not seek an extension of time to effect service.  Such a decision without more evidentiary justification is not good cause for the failure to timely serve process.  Therefore, the undersigned Magistrate Judge concludes Plaintiff does not show good cause under either federal or state law to excuse his untimely service and, as a result, this Court lacks personal jurisdiction over Defendants.

Finding that Plaintiff does not show good cause, however, is not the end of the inquiry.  Even in the absence of good cause, courts still have discretion under Rule 4(m) to permissively to grant an extension should the situation warrant one.  *Espinoza*, 52 F.3d at 841 ("a plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissible extension of time within the district court's discretion.").

Courts may rely on various factors in determining whether to exercise this discretion, including "whether the defendant had actual notice of the lawsuit, the danger of prejudice to the defendant, the length of the delay, and whether the applicable statute of limitations would bar a re-filed action." *Kelley v. City of Atchison, Kan.*, 2021 WL 2550171, at *3 (D. Kan. 2021). The Tenth Circuit holds, "[t]he general rule is that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) (further quotations and citations omitted); *see also Washington v. City of Oklahoma* City, 2021 WL 798379, *3 (W.D. Okla. March 2, 2021) ("Motions under Rule 12(b)(5) offer the district court the option of quashing the improper service of process without dismissing the action) (citations omitted); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1354 (3d ed. 2004) ("The reluctance of the courts to dismiss an action when there is a possibility that effective service will be completed is understandable inasmuch as the dismissal would be without prejudice and probably would lead to the reinstitution of the suit by the plaintiff. Thus, dismissal needlessly burdens the parties with additional expense and delay and postpones the adjudication of the controversy on its merits.") (citations omitted).

The applicable factors weigh in favor of quashing Plaintiff's improper service rather than dismissing the case, and granting a permissive extension to cure the untimely service. First, Defendants became aware of the case when it was served on them out of time, but chose to pursue litigation in this Court through removal rather than promptly addressing the defective service issue in the Oklahoma district court. Similarly, Defendants do not

allege and there is no evidence that granting an extension to rectify the service issue will result in any prejudice to them. Whatever delay might result in granting an extension to serve is likely to result in less delay than if the case is dismissed without prejudice, thereby resulting in Plaintiff refiling the action anew and obtaining the full 180 or 90 days to effect service. Finally, because the Amended Complaint does not contain key dates of events, such as Plaintiff's termination, the Court cannot evaluate the effect dismissal would have on any statute of limitations issues. Nonetheless, the undersigned Magistrate Judge is mindful that a dismissal could implicate statute of limitations issues. In general, "federal courts have shown 'a desire to prevent unnecessary dismissals by retaining removed cases and curing defects in the state court service.'" *Washington*, 2021 WL 798379 at *3 (quoting 4A C. Wright, A. Miller, & A. Steinman, Federal Practice and Procedure § 1082 (4th ed. Oct. 2020)). "As such, '[a] defendant can obtain a dismissal after removal only when the original service in the state court was improper, and the plaintiff finds it impossible to perfect service under Rule 4 after removal.'" *Id*. No such impossibility is present here.

For the reasons stated above, the undersigned Magistrate Judges concludes that the service of process on Defendants was untimely and ineffective under 12 O.S. § 2004(I) and, after removal, under 28 U.S.C. § 1448, and good cause is not shown by Plaintiff for the untimely service. Nonetheless, the undersigned Magistrate Judges concludes that the defective service should be quashed and that Plaintiff should be granted additional time to cure the defective service and properly serve Defendants under Fed. R. Civ. P. 4.

## II.   MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Defendants also seek the dismissal of the Amended Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. As noted above, however, this Court lacks personal jurisdiction over Defendants because there was ineffective service of process. *Emps. Reinsurance Corp.*, 299 U.S. at 376. Removal does not waive Defendants' objection to insufficient service. *See Jenkins v. MTGLQ Investors*, 218 F. App'x 719, 724 (10th Cir. 2007) ("After removal, [the defendant] had the 'right to the opinion of the Federal court . . . as to the validity of the service of process [in the state court.]'" (citation omitted)). Because this Court does not have personal jurisdiction over Defendants, the undersigned Magistrate Judge declines to consider the merits of Defendants' Rule 12(b)(6) arguments.

Although this Report and Recommendation is not addressing the merits of Defendants' Rule 12(b)(6) arguments, Plaintiff concedes in his Response that he cannot state a claim under the Oklahoma Anti-Discrimination Act, 25 O.S. §§ 1101 *et seq.*, or for wrongful discharge, *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989). Therefore, Plaintiff is granted leave to file a second amended complaint to eliminate those conceded claims from his action.

### CONCLUSION

Based on the above findings, the undersigned Magistrate Judge hereby RECOMMENDS that Defendants' Motion to Dismiss Plaintiff's Amended Complaint and Brief in Support [Docket No. 13] be DENIED, that the ineffective service of process on Defendants be QUASHED, and that Plaintiff be given fourteen days from the adoption of this Report and Recommendation to file a second amended complaint as described herein

and to effectuate proper service of Defendants under Fed. R. Civ. P. 4. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

**DATED** this 5th day of June, 2023.

_____
**GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE**