IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD SPEARS,<br><br>**Plaintiff,**<br><br>v.<br><br>**OKMULGEE COUNTY CRIMINAL JUSTICE AUTHORITY, and OKMULGEE COUNTY BOARD OF COMMISSIONERS,**<br><br>**Defendants.** | Case No. 23-CV-065-JFH-GLJ |

## OPINION AND ORDER

This matter is before the Court following Defendants' Objections to Magistrate Judge Jackson's Report and Recommendation, which would grant in part, and deny in part, Defendants' Motion to Dismiss. The Court, having conducted a de novo review of those issues to which Defendants have properly objected, holds that the Report and Recommendation should be, and hereby is, adopted in full.

## BACKGROUND

Plaintiff originally filed this matter on July 7, 2022 in the Okmulgee County District Court, and Defendants removed this case to the United States District Court for the Eastern District of Oklahoma on February 20, 2023. Dkt. No. 2. On April 25, 2023, all proceedings in this case were assigned to Magistrate Judge Gerald L. Jackson. Dkt. No. 14. The governing pleading, Plaintiff's Second Amended Complaint, was filed on July 6, 2023. Dkt. No. 25.

Plaintiff alleges that he was employed by Defendants for thirteen years, including as a facility director within the Okmulgee County Jail. Dkt. No. 25, ¶¶ 2-3, 15. In 2016, during his employment with Defendants, Plaintiff was diagnosed with cancer. *Id*. at ¶ 17. Plaintiff's

1

condition required three monthly medical treatments and also required Plaintiff to take time off from work or make changes to his work schedule. *Id*. at ¶ 19. Plaintiff's treatment "consistently required work accommodations" relating to limitations caused by symptoms of his cancer treatments. *Id*. at ¶¶20-21. Plaintiff alleges that he consistently performed his job functions, but Defendants "refused to provide accommodations regarding his disability…." *Id.* at ¶ 21. Plaintiff alleges that upon a change in administration at the Okmulgee County Jail, a blanket policy was instituted "not allowing employees to take time off work to address health care issues, or work from home." *Id*. at ¶ 24. This policy "eliminated the possibility of individuals, including the Plaintiff, who needed medical treatment or an ADA accommodations, [sic] to continue to work." *Id*. Plaintiff alleges that he was terminated without any reason given but alleges that he was terminated because "Plaintiff's previously requested accommodations which had been approved under a prior administration were no longer in line with the newly instituted blanket policy…which did not allow accomm0dations [sic] of the type Plaintiff required." *Id*. at ¶ 25. Plaintiff alleges that Defendants knew of Plaintiff's cancer treatments; Defendants "did not engage in any meaningful dialogue" regarding Plaintiff's previously requested accommodations and Defendants did not "attempt to accommodate the Plaintiff in regards to cancer treatment requirements and schedule." *Id*. at 26.

Defendants moved to dismiss Plaintiff's claims against them [Dkt. No. 30], arguing that Plaintiff has failed to state a claim for which relief can be granted. Magistrate Judge Jackson issued a Report and Recommendation on September 20, 2023, which recommended that Defendants' Motion to Dismiss be granted in part. Dkt. No. 34. Specifically, Magistrate Judge Jackson found that Plaintiff had properly alleged a disability discrimination claim on a failure-to-accommodate theory. Dkt. No. 34, pp. 5-10. Magistrate Judge Jackson recommended dismissal of all other

claims that Plaintiff attempts to assert. Dkt. No. 34. Defendants have objected to the Report and Recommendation, contending that Magistrate Judge Jackson erred in not recommending dismissal of Plaintiff's failure-to-accommodate claim. Dkt. No. 35. Defendants' objections largely rehash arguments made within their dismissal motion; essentially, Defendants maintain that the Magistrate Judge erred in not dismissing the failure-to-accommodate claim because Plaintiff has not *specifically* alleged that Defendants applied the "blanket policy" of not permitting time off for medical purposes to Plaintiff.

## AUTHORITY AND ANALYSIS

I.  **STANDARDS OF REVIEW.**

   A.  <u>The Court will review de novo those parts of the Report and Recommendation to which Plaintiff has properly objected.</u>

After a Report and Recommendation has been issued, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). The Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.; see also, 28 U.S.C. § 636(b)(1).

Any objections not properly raised are waived for purposes of review by the district court. *Klein v. Harper*, 777 F.3d 1144 (10th Cir. 2015); *Silva v. United States*, 45 F.4th 1134 (10th Cir. 2022).

   B.  <u>Standard of review regarding Defendants' Motions to Dismiss.</u>

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the

3

elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

For purposes of a dismissal determination, a court must accept all well-pled allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB—TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). The Court "must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." *Rajala v. Spencer Fane LLP (In re Generation Res. Holding Co. LLC*, 946 F.3d 958, 965 (10th Cir. 2020). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

## II. PLAINTIFF HAS ADEQUATELY PLED A FAILURE-TO-ACCOMMODATE CLAIM.

The only pending objection to the Report and Recommendation is that submitted by Defendants, who object to Magistrate Judge Jackson's determination that Plaintiff has stated a plausible claim for disability discrimination under a failure-to-accommodate theory. Having conducted de novo review of the adequacy of the failure-to-accommodate claim, the Court finds that Defendants' objections are not persuasive. Defendants adopt an overly literal, narrow view of Plaintiff's allegations and ignore the reasonable implications drawn from the Second Amended Complaint; this is contrary to applicable legal standards. The Court accordingly overrules

4

Defendants' objections to Magistrate Judge Jackson's Report and Recommendation as explained below.

    A.  <u>Law Governing Plaintiff's Failure to Accommodate Claim.</u>

The Americans with Disabilities Act, 42 U.S.C. §§12111 et seq., among other aims, prohibits workplace discrimination on the basis of disability. As relevant here, 42 U.S.C. §12112 (b)(5)(A) specifically provides that disability discrimination includes:

> not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity….

The Tenth Circuit has held that a plaintiff may establish a prima facie case for such a failure-to-accommodate claim by pleading that: "(1) [he] is disabled; (2) [he] is otherwise qualified; and (3) [he] requested a plausibly reasonable accommodation." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1204 (10th Cir. 2018) (alterations in original) (citing *Punt v. Kelly Servs.*, 862 F.3d 1040, 1050 (10th Cir. 2017)).

Given the above principles, once a reasonable accommodation has been granted, an employer cannot simply withdraw that accommodation—unilateral withdrawal of a reasonable accommodation is simply one manner in which an employer might "not mak[e] reasonable accommodations." 42 U.S.C. §12112; *Bilinsky v. Am. Airlines, Inc.*, 928 F.3d 565 (7th Cir. 2019) ("Absent some change in circumstance, an employer may not rescind an accommodation simply because it is inconvenient or burdensome"); *see also*, *Kass v. Synovus Fin. Corp.*, 800 F. App'x

804, 810 (11th Cir. 2020)[1]; *Boggs v. Cedar Creek, LLC*, 2017 U.S. Dist. LEXIS 208226 (W.D. Okla. Dec. 19, 2017); *Isbell v. John Crane, Inc.*, 30 F. Supp. 3d 725, 734 (N.D. Ill. Mar. 21, 2014).

With these principles in mind, the Court has no difficulty overruling Defendants' objection and finding that Plaintiff has stated a plausible failure-to-accommodate claim.

B.  Plaintiff's Allegations Plausibly Allege a Failure-to-Accommodate Claim.

Plaintiff has alleged that, during his employment with Defendants, he was diagnosed with cancer in 2016 and that Plaintiff's cancer treatments required Plaintiff to take time off from work and make changes to his schedule. Dkt. No. 25, ¶¶ 17, 19. These accommodations were previously granted to Plaintiff. Id. at ¶ 20. Upon the hiring of a new executive director, a "blanket policy" was implemented whereby employees were no longer allowed "to take time off work to address health care issues," and the policy "eliminated the possibility of individuals, including the Plaintiff, who needed medical treatment or an ADA accommodations (sic), to continue to work." Id. at ¶ 24.

Defendants have never challenged that Plaintiff is "disabled" or "otherwise qualified" for the position that Plaintiff had held with Defendants. *Lincoln,* 900 F.3d at 1204. Rather, Defendants have solely challenged whether Plaintiff has adequately alleged that he "requested a plausibly reasonable accommodation." *Id*. In briefing below, Defendants argued at length that Plaintiff failed to allege that he requested an accommodation from Defendants themselves. Dkt. No. 30, pp. 7-11.

Plaintiff has alleged that, due to his disability, he had previously been granted reasonable accommodations, and Plaintiff has alleged that Defendants instituted a policy that unilaterally

---

[1] Unpublished opinions are not binding precedent but may be cited for their persuasive value. *See* 10th Cir. R. 32.1; Fed. R. App. P. 32.1.

retracted those reasonable accommodations.  Dkt. No. 25, ¶ 24.  Such allegations are sufficient to plausibly allege that Defendants have refused to "mak[e] reasonable accommodations" for Plaintiff's disability.  42 U.S.C. §12112.  Defendants' protestations that Plaintiff never alleges that he requested an accommodation from Defendants directly is thus largely beside the point.

Even if the Court were inclined to agree with Defendants that Plaintiff must allege that he directly requested accommodation from Defendants, the Court would still find that, reading the Second Amended Complaint in the light most favorable to Plaintiff, it could be reasonably inferred from the allegations that Plaintiff did request accommodations from Defendants.  Plaintiff alleges that he had been receiving accommodations regarding his work schedule; that Defendants implemented a "blanket policy" disallowing such accommodations; and that Defendants "refused to engage in a dialogue" with Plaintiff regarding his accommodations.  Dkt. No. 25, ¶¶ 19-24.  Having alleged that Defendants "refused to engage in a dialogue" with Plaintiff regarding his accommodations, it is reasonably inferred that Plaintiff attempted to engage in such a dialogue regarding reasonable accommodations.  Defendants' entire argument for dismissal before the Magistrate Judge was misjudged and based entirely upon an overly narrow reading of Plaintiff's allegations.

C. <u>Defendants' Objections Advocate for an Overly Literal, Improper Reading of Plaintiff's Allegations.</u>

In Defendants' objections to the Report and Recommendation, they argue that the Report and Recommendation erred in not recommending dismissal of Plaintiff's failure-to-accommodate claim because Plaintiff never alleged that the offending blanket policy was applied to Plaintiff himself.  Dkt. No. 35.

The Court is, frankly, confused by Defendants' argument.  The Plaintiff has explicitly alleged that the "blanket policy" "eliminated the possibility of individuals, ***including the Plaintiff***,

7

who needed medical treatment or an ADA accommodations (sic), to continue to work." Id. at ¶ 24 (emphasis added).  Moreover, even if Plaintiff did not expressly allege that the policy was applied to him—and he did—the other allegations in the Second Amended Complaint clearly allow for the reasonable inference that the complained of policy was applied to Plaintiff.  For instance, in alleging a "blanket policy," it is implied that the policy was applied to Plaintiff or else it would not be a "blanket policy."  Given that the Court "must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party," the Court has no difficulty in overruling Defendants' objections to Magistrate Judge Jackson's Report and Recommendation.  *Rajala*, 946 F.3d at 965.

## CONCLUSION

IT IS THEREFORE ORDERED that the Objections filed by Defendants [Dkt. No. 35] are OVERRULED.  The Court ADOPTS the Magistrate Judge's Report and Recommendation [Dkt. No. 34] in whole.

Dated this 3rd day of May 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE